UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS, | No. C 10-4010 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Warden M.S. EVANS; et al., | |
| Defendants. | |

## INTRODUCTION

Leon Eugene Morris, an inmate at the California State Prison - Sacramento, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint covers a wide variety of prison conditions that Morris experienced, apparently at Salinas Valley State Prison. The complaint endeavors to touch upon everything Morris found disagreeable in the time period 2004 - 2006. In the complaint, Morris includes allegations about excessive force in 2004, 2005 and 2006; denial of access to the courts in 2006; deliberate indifference to medical needs in 2005; due process violations in 2005; Eighth Amendment violations in 2004 and 2005; denial of First Amendment rights in 2004 and 2005; cruel and unusual punishment in 2005 and early 2006; and retaliation in 2004, 2005, and 2006. Approximately sixty persons are listed as defendants. *See* Complaint, pp. 1-2.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has two significant deficiencies that require an amended complaint to be filed. First, the complaint has several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Morris' claims concern a wide variety of problems that happened at different times, and are alleged to have been caused by different defendants. In his amended complaint, Morris may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that Morris cannot complain in his amended complaint about *everything* during his imprisonment. Morris needs to choose what claims he wants to pursue that meet the joinder requirements. This is an important consideration for Morris because if he asserts improperly joined claims in his amended complaint, the court will dismiss the improperly joined claims.

Second, the claims in the complaint appear to be barred by the statute of limitations. Section 1983 does not contain its own limitations period; instead, the court looks to the

limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, so the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than four years after the occurrence of the acts and omissions alleged in the complaint.

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1. The court cannot now determine whether Morris receives tolling for the disability of imprisonment because he has not alleged the length of his sentence. In his amended complaint, he needs to state the length of his sentence so that the court will be able to determine whether he is entitled to any tolling for his imprisonment. In his amended complaint (or in a separately filed document), Morris must explain why the action should not be dismissed as time-barred. Of course, Morris is not limited to arguing only equitable tolling – he may proffer any

argument he has to show that the statute of limitations does not bar this action.

The order to show cause regarding Morris' pauper application is discharged. (Docket # 5.) In his response to that order to show cause, Morris explained to the satisfaction of the court that he did not have three prior dismissals that counted for purposes of 28 U.S.C. § 1915(g) as of the time he filed this action.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **November 18, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: October 12, 2011

_____
SUSAN ILLSTON
United States District Judge

4