1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                             NORTHERN DISTRICT OF CALIFORNIA
10
11   LEON EUGENE MORRIS,                          No. C 10-4010 YGR (PR)
12                Plaintiff,                       **ORDER TO SHOW CAUSE WHY
                                                   THE ACTION SHOULD NOT BE
13       v.                                        DISMISSED**
14   M.S. EVANS, et al.,
15                Defendants.
                                          /
16

17          The original complaint in this federal civil rights action covered a wide variety of

18   unrelated prison conditions plaintiff experienced from 2004 to 2006, and listed over sixty

19   persons as defendants.  The Court dismissed the original complaint, with directions to file an

20   amended complaint.  Plaintiff was specifically instructed to address the issue that his claims

21   are barred by the statute of limitations.  He has filed an amended complaint realleging the

22   same claims.

23          As of 2002, the statute of limitations for civil actions filed in California is two years,

24   as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in

25   § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Because an

26   inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after

27   2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   period under section 335.1 plus two years during which accrual was postponed due to the

2   disability of imprisonment.  This tolling provision is unavailable for inmates, who, like

3   plaintiff, are sentenced to life without the possibility of parole.  Under federal law, a claim

4   generally accrues for calculating the statutory limitations period when the plaintiff knows or

5   has reason to know of the injury which is the basis of the action.  *See TwoRivers v. Lewis*,

6   174 F.3d 987, 991–92 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th

7   Cir. 1994).  Although the statute of limitations is an affirmative defense that normally may

8   not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in*

9   *forma pauperis* complaint where the defense is complete and obvious from the face of the

10   pleadings or the Court's own records.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th

11   Cir. 1984). That is the situation here:  the defense appears complete and obvious from the

12   face of the complaint because this action was filed more than four years after the occurrence

13   of the  acts and omissions alleged in the complaint.

14          Plaintiff does not dispute that his claims are untimely filed.  He asks the Court to make

15   an exception in his case because he tried to pursue these claims before, his actions being

16   improperly dismissed by this Court.  However, plaintiff's appeals of these dismissals were

17   denied.  On such a record, plaintiff has not shown cause why the statute of limitations should

18   not bar this action.

19          Accordingly, plaintiff, who alleges that he suffers from mental illness, is ordered to

20   show cause why the action should not be dismissed on untimeliness grounds.  On the record

21   before the Court, plaintiff can avoid dismissal only if he can show that he was "insane" at the

22   "time the cause of action accrued."  Cal. Code of Civ. Proc. 352(a).  If he was insane at such

23   time, "the time of the disability" will not count toward the filing period.  *Id.*  Plaintiff, then,

24   must show that he was insane, not simply mentally ill.  For purposes of the tolling provision,

25   "the term 'insane' has been defined as a condition of mental derangement which renders the

26   sufferer incapable of caring for his property or transacting business, or understanding the

27   nature or effects of his acts."  *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct.

28

App. 1968); *cf. Feeley v. Southern Pac. Trans. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period). There is nothing in the present record showing that plaintiff was "incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." In order to make a sufficient showing, plaintiff must provide specific details as to the nature and length of his disability. Plaintiff is reminded that the statute of limitations can be tolled only for the period during which he was in fact insane.

**On or before February 1, 2013, plaintiff must show cause why the action should not be dismissed. Failure to file by such time will result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

**IT IS SO ORDERED**.

DATED: January 10, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**