UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS, | No. C 10-4010 YGR (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| M.S. EVANS, et al., | |
| Defendants. | |

The original complaint in the present action covered a wide variety of unrelated prison conditions Plaintiff experienced from 2004 to 2006, and listed over sixty persons as defendants. The Court dismissed the original complaint, with directions to file an amended complaint. Plaintiff was specifically instructed to address the issue that his claims are barred by the statute of limitations.

On November 1, 2011, Plaintiff filed an amended complaint realleging the same claims.

On January 10, 2013, the Court reviewed the amended complaint and determined that Plaintiff "does not dispute that his claims are untimely filed." (Jan. 10, 2013 Order at 2.) Thus, the Court found that "[o]n such a record, plaintiff has not shown cause why the statute of limitations should not bar this action." (*Id.*) It ordered, *inter alia*, as follows:

> . . . plaintiff, who alleges that he suffers from mental illness, is ordered to show cause why the action should not be dismissed on untimeliness grounds. On the record before the Court, plaintiff can avoid dismissal only if he can show that he was "insane" at the "time the cause of action accrued." Cal. Code of Civ. Proc. 352(a). If he was insane at such time, "the time of the disability" will not count toward the filing period. *Id.* Plaintiff, then, must show that he was insane, not simply mentally ill. For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." *Hsu v. Mt. Zion Hospital*, 259 Cal. App. 2d 562, 571 (Cal. Ct. App. 1968); *cf. Feeley v. Southern Pac. Trans. Co.*, 234 Cal. App. 3d 949, 952 (Cal. Ct. App. 1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); *Snyder v. Boy Scouts of America*, 205 Cal. App. 3d 1318, 1324 (Cal. Ct. App. 1988) (post-traumatic stress disorder does not count as "insanity" that tolls the limitations period). There is nothing in the present record showing that plaintiff was "incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." In order to make a sufficient showing, plaintiff must provide specific details as to the nature and length of his disability. Plaintiff is reminded that the statute of limitations can be tolled only for the period during which he was in fact insane.

**On or before February 1, 2013, plaintiff must show cause why the action should not be dismissed. Failure to file by such time will result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**

(*Id.* at 2-3 (emphasis in original).)

The February 1, 2013 deadline has passed, and Plaintiff has filed no response to the Court's January 10, 2013 Order. A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).[1] The first three factors, above, weigh in favor of dismissal in light of the fact that he has not responded to the Court's January 10, 2013 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of the fact that Plaintiff has been given two opportunities to show cause why his action should not be dismissed on untimeliness grounds. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court shall enter judgment, close the file, and terminate any pending motions.

**IT IS SO ORDERED**.

DATED: February 13, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The court should also afford the litigant prior notice of its intention to dismiss, *id.* at 133, as this Court has done.