1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5   IN RE:  LEON EUGENE MORRIS,          Case No.  10-cv-04010-WHO (PR)
              Plaintiff.
6                                        Case No.  12-cv-02480 WHO (PR)

7                                        Case No.  14-cv-05134 WHO (PR)

8
                                         **ORDER DENYING MOTIONS FOR**
9                                        **THE APPOINTMENT OF COUNSEL**

10

11          Plaintiff Leon Morris moves for the appointment of counsel to represent him in the

12   three cases listed above.  The grounds in each motion are the same:  Morris, not being a

13   lawyer, would be better served by counsel; he cannot afford to hire counsel; his education

14   is insufficient; he suffers from debilitating mental and physical illnesses; and he will no

15   longer receive assistance from a fellow inmate, who is being transferred to another prison.

16          The decision to request counsel to represent an indigent litigant under 28 U.S.C.

17   § 1915 is within "the sound discretion of the trial court and is granted only in exceptional

18   circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

19   "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's

20   success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro

21   se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections*

22   *Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery,

23   nor the fact that the pro se litigant would be better served with the assistance of counsel,

24   necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520,

25   1525 (9th Cir. 1997).

26          In the Ninth Circuit, roughly one-third of new civil litigants in district court are not

27   represented by counsel.  United States Courts for the Ninth Circuit, 2014 Annual Report 39

28   (2015), available at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Most, but by no means all, of these litigants are incarcerated.  There is no doubt that not

2    having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the

3    high percentage of civil litigants who cannot afford one threatens our ability to dispense

4    equal justice to rich and poor alike, as the judicial oath demands.  That said, I am

5    compelled to follow controlling precedent and determine if "exceptional circumstances"

6    exist to appoint counsel in the cases before me.

7        At least at this stage of the proceedings, Morris has not shown that exceptional

8    circumstances exist.  Many of the reasons he lists for appointment of counsel, such as his

9    lack of education, legal or otherwise, that he would be better served by counsel, and his

10   inability to hire counsel, are not exceptional--indeed, they are all too common

11   circumstances for prisoner-plaintiffs.  His remaining reasons, illness and the loss of the

12   assistance of a fellow inmate, do not warrant the appointment of counsel.  Morris's

13   illnesses have not presented a bar to his prosecution of his cases thus far.  Over many years

14   he has been able to file with the court articulate, reasoned motions and other documents

15   and to respond to defendants' filings.  These motions are nearly all handwritten by Morris,

16   whose penmanship is clearly different from that of the inmate who has been assisting him

17   (as a comparison of the motion to appoint and the declaration filed by Morris's fellow

18   inmate shows).  Morris has adequately articulated his claims so far.

19       Accordingly, Morris's motions to appoint counsel are DENIED.  When I review

20   motions for summary judgment in these cases, and can evaluate Morris's likelihood of

21   success on the merits, I will reconsider the necessity of appointing counsel.

22       The Clerk shall terminate Docket No. 46 in Case No. 10-4010, Docket No. 31 in

23   Case No. 12-2480, and Docket No. 13 in Case No. 14-5134.

24       **IT IS SO ORDERED.**

25   **Dated:**  June 23, 2015

26   

27       WILLIAM H. ORRICK
         United States District Judge

28

2