United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON EUGENE MORRIS,
Plaintiff,

v.

D.A. TRAVIS, et al.,
Defendants.

Case No. 10-cv-04010-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 41

**INTRODUCTION**

Defendants move to dismiss as untimely plaintiff Leon Morris's civil rights suit which he brought pro se under 42 U.S.C. § 1983 against his former jailors at Salinas Valley State Prison. The motion is unopposed. A response to this motion was due several months ago, on July 6, 2015, but Morris has neither filed an opposition nor requested any extension of time to file one.

Defendants are correct that Morris's decade-old claims are barred by the statute of limitations, even when time for equitable tolling is taken into account. Accordingly, the motion to dismiss is GRANTED, and the action is DISMISSED.

**BACKGROUND**

Morris's original complaint alleged 19 quite varied claims (excessive force, deprivation of due process, deliberate indifference, withholding mail) against 36

defendants at Salinas Valley State Prison regarding events that occurred in 2004 and 2005. In its screening order, the Court dismissed without prejudice all but Morris's claim that in June 2004, correctional officers R. Pastor and Sztukowski used excessive force against Morris, and officer Hubbard failed to intervene.

Morris, who is serving a term of life with the possibility of parole, attempted to raise these same claims in three prior actions, one in 2005 and the other two in 2007 and 2008. *See Morris v. Woodford*, No. C 05-4677 MJJ, *Morris v. Woodford*, No. 07-4198 MJJ, and *Morris v. Woodford*, No. C 08-3435 SI. These prior attempts were unsuccessful. In the first two cases, the Court denied Morris's pauper application because he had filed at least three prior actions that had been dismissed as frivolous or malicious, or for failure to state a claim, and dismissed the action without prejudice to Morris bringing those claims in an action for which he paid the full filing fee. In the 2008 case, the Court dismissed Morris's claims against Pastor, Sztukowski, Hubbard because they were not properly joined, and later dismissed the suit for failure to serve process. (Defs.' Mot. to Dismiss ("MTD") at 3-4.)

The dismissal in the 2005 case was affirmed on appeal in Ninth Circuit Case No. 06-15869. The appeal of the 2007 was dismissed in Ninth Circuit Case No. 08-15956. Morris did not appeal the 2008 dismissal. (*Id.* at 4.)

**DISCUSSION**

Defendants contend that Morris's suit under section 1983 is barred by the statute of limitations.

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years as of 2003, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's

California's equitable tolling rules if they are not inconsistent with federal law). A prisoner serving a term of life with the possibility of parole, such as Morris, is considered a prisoner serving a term of less than life. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). The statute of limitations starts to run when the plaintiff's claim has accrued, that is, when he knows or has reason to know of the injury that is the basis of his action. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998).

Morris's claims are barred by the statute of limitations. His claim accrued, and the statute of limitations started running, in June 2004 when the prison guards allegedly used excessive force on him. He was entitled to four years (the sum of the time allowed by the usual limitations period and equitable tolling under section § 352.1) from that time to file suit because he is a prisoner serving a term of life with the possibility of parole. This means that he had until June 30, 2008, at the latest, to file suit. The suit was not filed until 2010, which is well after the 2008 deadline.

Morris's prior lawsuits do not toll the statute of limitations under either state or federal law. California treats an action dismissed without prejudice as if "no action has been brought," unless a statute specifies otherwise. *Wood v. Elling Corp.*, 20 Cal.3d 353, 359 (1977). In an appropriate case, however, the statute of limitations might be tolled for time spent pursuing a remedy in another forum (such as state court) before filing the claim in federal court. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)) (equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.") Morris's action does not fall under this exception because he did not pursue his remedies in another forum before filing his federal suits.

Federal law provides no relief for Morris because his prior lawsuits were dismissed without prejudice, enabling him to refile at any time. "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from

whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (citing with approval *Chico–Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998), which cited eight federal circuits for the rule that the statute of limitations is not tolled when a complaint containing the same claims as a later suit is dismissed without prejudice).

**CONCLUSION**

Defendants' motion to dismiss (Docket No. 41) is GRANTED and this section 1983 suit is DISMISSED with prejudice.

The Clerk shall terminate Docket No. 41, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** November 12, 2015

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California